The School District of Hickory Township, Appellant, v. The Shenango Valley Railroad Company.

*Taxation—Special Act of 1870, P. L. 935—Statutes.*

The special Act of April 6, 1870, P. L. 935, relative to taxing railroads, coal banks, etc., in Hickory township, Mercer Co., was intended to impose a school tax on collieries and property belonging thereto. The legislature did not have in contemplation railroads which might thereafter pass through the township having no connection with collieries. The main plant which the legislature had in view was the coal bank.

Argued May 14, 1897. Appeal, No. 167, April T., 1897, by plaintiff, from judgment of C. P. Mercer Co., June T., 1896,

No. 80, on case stated in favor of defendant. Before RICE, P J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Case stated. Before MILLER, P. J.

The case stated is as follows:

And now, April 13, 1896, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict:

1. It is agreed that the Shenango Valley Railroad Company, the defendant, is a corporation duly organized and existing under the laws of the commonwealth of Pennsylvania.

2. That said defendant company, in pursuance of its charter, has laid out, constructed and is now operating a steam railroad extending from and to certain points in Hickory township, Mercer county, Pa., and is now running cars for the carriage of passengers and freight over the same, and connects at its termini with other steam railroads. That said defendant company is not, nor has it ever been, lessee or occupant of any coal bank or colliery, and said company does not now, nor has it ever worked, used or occupied any coal bank or colliery, nor owned, used or leased to men employed by it for any purpose any houses or buildings.

3. That the assessors of said township have assessed the said railroad of the said defendant company, lying within said township, and have levied a tax for school purposes amounting to the sum of thirteen and $\frac{50}{100}$ dollars ($13.50) upon the same, from which assessment and levy no appeal has been taken by the defendant company.

4. That the defendant company pays tax on the amount of its capital stock direct to the state, and is not subject to local taxation under the general law of the commonwealth of Pennsylvania on account of any property which is a part of the property of said railroad company, and which is necessary in the operation of said railroad; and it is agreed that the property of said railroad company assessed by the assessors of the township of Hickory is the property of said railroad company and necessary in the operation of said railroad.

5. That the said, the school district of Hickory township, have levied the aforesaid tax of thirteen and $\frac{50}{100}$ dollars ($13.50)

for school purposes under the provisions of the Act of Assembly approved the 6th day of April, A. D. 1870, P. L. 935, and which is a special act for Hickory township, said tax being for the year 1895, and which tax the said defendant contends it is not liable for and has refused to pay.

6. That the said act of assembly, under which the said school district has levied the said tax, is entitled "An act relative to taxing railroads, coal banks, real and personal property in Hickory township, in the county of Mercer and state of Pennsylvania, except the Erie & Pittsburg railroad, for school purposes," approved the 6th day of April, A. D. 1870, P. L. 935, and which said act is made a part of this stated case.

If the court be of opinion that the defendant company is, under the facts above stated, liable for the taxes so assessed and levied, as aforesaid, then judgment to be entered in favor of the plaintiff and against the defendant for the sum of thirteen and $\frac{50}{100}$ dollars ($13.50) and costs, otherwise judgment to be entered against the plaintiff for costs. Each party reserving the right to sue out a writ of error therein.

The opinion of the court below by MILLER, P. J., was as follows :

This case depends on the construction of a special Act of Assembly of April 6, 1870, P. L. 935. The first section of the act is as follows :

"That from and after the passage of this act any lessee or lessees, occupant or occupants of any coal bank or colliery, or owner or owners, lessee or lessees of any railroad or railroads within the township of Hickory, in the county of Mercer, and state of Pennsylvania, who shall work, use or occupy the same, or own, use or lease to men employed by them for the purpose of carrying on said business, any houses or buildings, shall pay a tax upon said coal banks, colliery, railroads, houses and property belonging thereto, for general school purposes, at the same rate and in the same manner as other property is taxed for general school purposes ; providing, nevertheless, that the provisions of this act shall not extend to the Erie & Pittsburg Railroad."

At the time this act was passed there were many collieries in operation in Hickory township and a number of lateral railroads from said collieries to shipping points without and within

the boundaries of the township. The operation of these collieries brought a large number of miners, with their families, into the township, thereby largely increasing the number of children to be taught in the common schools of the township and necessitating the erection of additional school buildings and the employment of additional teachers.

The only railroad passing through the township at the time of the passage of the act, and not directly connected with the operation of the collieries, was the Erie & Pittsburg Railroad. Since then other steam and street railways have been constructed which passed through the township, among the number defendant company's road.

The evident intention of the framer of the special act in question was only to tax collieries and the owners or lessees of railroads working, using or occupying such collieries; and the school district of Hickory for many years gave the act this construction, as the effort to tax railroads, other than those connected with collieries, is of recent origin.

In 1894, under the provisions of the act in question, the board of school directors of the township levied a tax upon the Shenango Valley Street Railroad Company, the line of said railroad traversing a portion of Hickory township. The street railway, contending that the act did not subject its property to the payment of such tax, joined with the school district in a stated case to the court of common pleas of Mercer county, at No. 8, January term, 1895. The case was decided against the school district, but as no appeal was taken, it was never reported. Judge MEHARD, in a well considered opinion, said, in deciding the case:

" This case turns on a construction of the special act for Hickory township, approved April 6, 1870. That act subjects to the payment of school tax in said township the following classes of persons and property, to-wit:

" (*a*) Any lessee or lessees, occupant or occupants of any coal bank or colliery; or (*b*) owner or owners, lessee or lessees of any railroad or railroads within the township of Hickory, in the county of Mercer and state of Pennsylvania, who shall work, use or occupy the same; or who shall (*c*) own, use or lease to men employed by them for the purpose of carrying on said business any houses or buildings.

"The act further provides, that the tax shall be paid upon said coal bank, colliery, railroads, houses and property belonging thereto, etc.; providing, nevertheless, that the provisions of this act shall not extend to the Erie & Pittsburgh Railroad.

"This act does not subject to the payment of school tax all railroads within the township of Hickory, but only such as 'work, use or occupy the same.' To what does the same relate? The natural reading would suggest coal bank and colliery as the antecedent. It must either mean owners, etc., of railroads who work, use or occupy railroads, or owners, etc., of railroads who work, use or occupy collieries. The latter is the more sensible and probable meaning and, we think it, the true one. The expression, 'property belonging thereto' is significant. It evidently relates to some main plant to which the property belonging is incident. It would not be taken to relate to each of the items of property which have been enumerated. That is, to mean property belonging to houses or property belonging to railroads. That would be an unnatural and strained construction. It is easier to understand that the legislature intended the description of the taxable property to correspond with the description given of the owners, lessees, etc. This would indicate that the main plant the legislature had in view was the coal bank. In other words, the said business the legislature had in mind and in the carrying on, the contemplated property to be used, was the coal mining business, and not the railroad business."

A careful examination of the act leads us to the conclusion reached by the learned judge in the foregoing opinion. It is true that the meaning is not clear. In Packer v. Railroad Company, 19 Pa. 211, where the construction of an act of assembly was under consideration, Chief Justice BLACK said: "The broadest, plainest and most natural view we can take of it (the act) is the one which brings us soonest to the truth."

It is thus stated in Olmsted's Case, Brightley's Rep. 9:

"The safest rule to reach the intention of the law is to adhere to the words." Governed by these rules, what was in the mind of the legislature? Clearly, to subject to taxation for school purposes, first, any lessee or lessees, occupant or occupants of any coal bank or colliery within the township of Hickory; second, the owner or owners, lessee or lessees of any railroad

84    SCHOOL DISTRICT *v.* RAILWAY CO.

Opinion of Court below—Opinion of the Court. [5 Pa. Superior Ct.

or railroads within the township of Hickory who shall work, use or occupy such coal bank or colliery; third, any houses or buildings within the township of Hickory owned, used or leased to persons employed in operating said coal bank or colliery, whether employed by the lessees or occupants of the coal bank or colliery, or the lessees or owners of the railroad operating the coal bank or colliery. The tax was to be paid, in the language of the act, "upon said coal bank or coal banks, colliery, railroads, houses and property belonging thereto," that is, to said coal bank or colliery. In order to make it plain that no other railroads, except those immediately connected with and working, using or occupying coal banks or collieries, was intended to be subject to the tax, the only railroad passing through the township and not connected with the operation of a coal bank or colliery was expressly exempted from the provisions of the act.

Judgment was entered on the case stated in favor of the defendant with costs. Plaintiff appealed.

*Error assigned* was entry of judgment in favor of defendant with costs.

*B. Magoffin*, for appellant.

*S. R. Mason*, for appellee.

PER CURIAM, July 23, 1897:

Notwithstanding the plausible argument of the appellant's counsel, we are of opinion that the learned president judge of the court below correctly construed the local Act of April 6, 1870, P. L. 935, and entered the proper judgment. In reaching this conclusion we have confined our attention exclusively to the facts agreed upon in the case stated. For the reasons well stated in his opinion, and in the opinion of his learned predecessor quoted therein, the judgment is affirmed.